# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

RICK JOHNSON,

    Plaintiff,

v.

                                              Case No.: 8:20-cv-02889

SR LANDSCAPING, LLC d/b/a
SUNRISE LANDCARE, INC.[1]
a Florida profit corporation,

    Defendant.

_____

## DEFENDANT SR LANDSCAPING, LLC'S ANSWER
## AND DEFENSES TO THE COMPLAINT

Defendant SR Landscaping, LLC d/b/a Sunrise Landscape ("Defendant" or "Sunrise"), files its Answer and Defenses to the Complaint filed by Plaintiff Rick Johnson ("Plaintiff"), and responds in correspondingly-numbered paragraphs as follows:

## JURISDICTION AND VENUE

1. Defendant admits the allegations contained in Paragraph 1 of the Complaint for jurisdictional purposes only; otherwise, denied.

2. Defendant admits venue is proper in this Court; otherwise, denied.

## PARTIES

3. Defendant admits the allegations in Paragraph 3 of the Complaint.

---

[1] Plaintiff misidentifies Defendant in the case caption. Defendant is a Delaware limited liability company that does business as Sunrise Landscape.

4. Defendant admits it employs more than 25 employees. Plaintiff's allegation regarding Defendant's alleged status as a covered employer is a legal conclusion to which no response is required. Defendant denies the remaining allegations contained in Paragraph 4 of the Complaint.

## ADMINISTRATIVE PREREQUISITIES

5. Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6. Defendant is without knowledge sufficient to either admit or deny the allegations contained in Paragraph 6 of the Complaint. Therefore, Defendant denies the allegations.

7. Defendant is without knowledge sufficient to either admit or deny the allegations contained in Paragraph 7 of the Complaint. Therefore, Defendant denies the allegations.

## GENERAL ALLEGATIONS

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant is without knowledge regarding Plaintiff's arrangement with his counsel and therefore denies those allegations. Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint.

## STATEMENT OF FACTS

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits that it was aware of Plaintiff's age and of the information Plaintiff reported regarding his medical condition. Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant is without knowledge sufficient to either admit or deny the allegations contained in Paragraph 17 of the Complaint. Therefore, Defendant denies the allegations.

18. Defendant denies that Shea Hughes is a Vice President for Defendant. Defendant is without knowledge sufficient to either admit or deny the remaining allegations contained in Paragraph 18 of the Complaint; therefore, Defendant denies the allegations.

19. Defendant is without knowledge sufficient to either admit or deny the allegations contained in Paragraph 19 of the Complaint. Therefore, Defendant denies the allegations.

20. Defendant is without knowledge sufficient to either admit or deny the allegations contained in Paragraph 20 of the Complaint. Therefore, Defendant denies the allegations.

21. Defendant is without knowledge sufficient to either admit or deny the allegations contained in Paragraph 21 of the Complaint. Therefore, Defendant denies the allegations.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant admits that it made arrangements for Plaintiff to work remotely. Defendant is without knowledge sufficient to either admit or deny the remaining allegations contained in Paragraph 23 of the Complaint; therefore, Defendant denies the allegations.

24. Defendant admits only that the communication from Shea Hughes on January 3, 2020 speaks for itself. Defendant denies the remaining allegations contained in Paragraph 24 of the Complaint.

25. Defendant is without knowledge sufficient to either admit or deny the allegations contained in Paragraph 25 of the Complaint. Therefore, Defendant denies the allegations.

26. Defendant is without knowledge sufficient to either admit or deny the allegations contained in Paragraph 26 of the Complaint. Therefore, Defendant denies the allegations.

27. Defendant is without knowledge sufficient to either admit or deny the allegations contained in Paragraph 27 of the Complaint. Therefore, Defendant denies the allegations.

28. Defendant is without knowledge sufficient to either admit or deny the allegations contained in Paragraph 28 of the Complaint. Therefore, Defendant denies the allegations.

29. Defendant admits that it terminated Plaintiff's employment on June 12, 2020. Defendant denies the remaining allegations contained in Paragraph 29 of the Complaint.

30. Defendant admits the allegations contained in Paragraph 30 of the Complaint.

31. Defendant admits that on June 18, 2020, Mr. Ashmore emailed Plaintiff and stated in the email that the termination "was the result of the COVID-19 pandemic" and "continued uncertainty in the broader economy." Defendant denies the remaining allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant admits the allegations contained in Paragraph 34 of the Complaint but denies that the advertisements were for Plaintiff's former position.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

## COUNT I
## ALLEGED VIOLATION OF FLORIDA CIVIL RIGHTS ACT
**(Disability Discrimination)**

40. Defendants re-asserts and incorporates its responses to the allegations set forth in Paragraphs 1 through 39, as if fully set forth herein.

41. Defendant is without knowledge sufficient to either admit or deny the allegations contained in Paragraph 41 of the Complaint. Therefore, Defendant denies the allegations.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

## COUNT II
## ALLEGED VIOLATION OF FLORIDA CIVIL RIGHTS ACT
### (Age Discrimination)

49. Defendants re-asserts and incorporates its responses to the allegations set forth in Paragraphs 1 through 39, as if fully set forth herein.

50. Defendant admits the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

## COUNT III
## ALLEGED VIOLATION OF FLORIDA CIVIL RIGHTS ACT
### (Retaliation)

57. Defendant re-asserts and incorporates its responses to the allegations set forth in Paragraphs 1 through 39, as if fully set forth herein.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

## DEMAND FOR A JURY TRIAL

To the extent not expressly admitted herein, the allegations in the Complaint are denied.

## GENERAL DENIAL

To the extent not expressly admitted herein, the allegations in the Complaint are denied.

## AFFIRMATIVE AND OTHER DEFENSES

In asserting the defenses that follow, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. In addition, Defendant is continuing to investigate Plaintiff's allegations; therefore, it reserves the right to amend this Answer and Defenses.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted to the extent Plaintiff has failed to allege specific facts to support each and every element of his claims or otherwise failed to provide legally sufficient details to support his conclusory allegations.

## SECOND DEFENSE

Plaintiff's claims fail to the extent he did not engage in any protected activity.

## THIRD DEFENSE

Plaintiff's claims are barred and any recovery by Plaintiff should be reduced to the extent he failed to mitigate his alleged damages by using reasonable diligence to seek and obtain comparable employment elsewhere.

## FOURTH DEFENSE

Without assuming liability, Defendant is entitled to an offset against any amounts due (which are denied), in an amount equal to the amount earned by Plaintiff in subsequent employment.

## FIFTH DEFENSE

Defendant has not engaged in unlawful conduct against Plaintiff, nor has Defendant engaged in any unlawful practice with malice or with reckless indifference to Plaintiff's legally protected rights; therefore, Defendant cannot be liable for punitive damages.

## SIXTH DEFENSE

Defendant took affirmative measures to provide a workplace free from unlawful discrimination and retaliation.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands and/or laches.

## EIGHTH DEFENSE

All employment decisions regarding Plaintiff were made in good faith and without motive or intent to discriminate.

## NINTH DEFENSE

Every action taken by Defendant was justified by business necessity.

**TENTH DEFENSE**

Plaintiff's damages, if any, were not proximately caused by the conduct of Defendant. To the extent Plaintiff has suffered any pain and suffering, mental anguish, loss of income and other damage, it was not caused by Defendant.

**ELEVENTH DEFENSE**

Plaintiff was employed with Defendant on an at-will basis and, therefore, Defendant could terminate his employment at any time, with or without notice and with or without cause.

**TWELFTH DEFENSE**

To the extent Plaintiff alleges that an employee of Defendant acted in a discriminatory or retaliatory manner toward him, such conduct, without admitting it occurred, was outside the course and scope of the employee's employment and/or was not condoned or ratified by Defendant and/or was undertaken without the knowledge or consent of Defendant, and accordingly, Defendant is not liable.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred to the extent discovery shows he engaged in misconduct prior to, during, or concurrent with his employment that otherwise would have resulted in discharge if such conduct were then known to Defendant.

**RESERVATION OF RIGHTS**

Defendant reserves the right to bring any additional defenses that become known during the litigation of this matter.

WHEREFORE, Defendant SR Landscaping, LLC d/b/a Sunrise Landscape, prays for judgment as follows:

1.	That judgment be entered in favor of Defendant and against Plaintiff and that the Complaint be dismissed with prejudice;

2.	That Defendant be awarded its costs of suit;

3.	That Defendant be awarded reasonable attorneys' fees as may be determined by the Court; and

4.	For such other and further relief as the Court may deem just and proper.

DATED this 11th day of December, 2020.

                    Respectfully submitted by:

                    **JACKSON LEWIS P.C.**

                    */s/ Ashwin R. Trehan*
                    Laura E. Prather, B.C.S.
                    Florida Bar Number: 870854
                    E-mail: laura.prather@jacksonlewis.com
                    Ashwin R. Trehan, Esq.
                    Florida Bar Number: 0042675
                    E-mail: ashwin.trehan@jacksonlewis.com

                    Wells Fargo Center
                    100 S. Ashley Drive, Suite 2200
                    Tampa, Florida 33602
                    Telephone:	813-512-3210
                    Facsimile:	813-512-3211

                    *Attorneys for Defendant SR Landscaping, LLC d/b/a Sunrise Landscape*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of December, 2020, I filed a true and correct copy of *Defendant SR Landscaping, LLC's Answer and Defenses to the Complaint* with the Clerk of Court through the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

>
> */s/ Ashwin R. Trehan*
> Attorney

4837-6281-6465, v. 1